In re AIR ONE, INC., Debtor.

AIR ONE, INC., Plaintiff,

v.

FLIGHT SUPPORT INTERNATIONAL, INC., Defendant.

Bankruptcy No. 84–01889(2).
Adv. No. 86–0383(2).

United States Bankruptcy Court,
E.D. Missouri, E.D.

Oct. 9, 1987.

Todd M. Halbert, Gerard Mantese, Detroit, Mich., for plaintiff.

Donald R. Morin, Clayton, Mo., for defendant.

Stuart J. Radloff, Clayton, Mo., for Creditors Committee.

Kenneth J. Wideman, Bridgeton, Mo., Co–Counsel for Air One, Inc.

## MEMORANDUM OPINION

DAVID P. McDONALD, Bankruptcy Judge.

### INTRODUCTION

Air One, Inc. ("Air One") filed its voluntary Chapter 11 case in this District of October 26, 1984. On January 1, 1985, Flight Support International, Inc. ("Flight") filed its Proof of Claim No. 449 in the amount of $813.50. On November 28, 1986, Air One filed a two-count Complaint against Flight. In its first count Air One seeks to avoid and recover from Flight allegedly preferential transfers of $16,119.64. Air One also requests interest from the date of the transfers together with attorney's fees and costs. In its second count, Air One requests the Court to disallow Flight's claim in this case unless and until Flight returns the allegedly preferential transfers to it. On May 1, 1987, Flight filed its Answer, asserting several defenses, among them that the transfers were made in the ordinary course of business and that Flight had given new value to Air One after the transfers. Prior to the trial of this proceeding on September 28, 1987, the parties submitted briefs and a Joint Stipulation of Facts. Based upon the pleadings, Stipulation, briefs, and evidence adduced at trial, the Court makes the findings of fact and conclusions of law set forth below and this date grants judgment for Air One on each count of its Complaint against Flight.

### FINDINGS OF FACT

1. Flight is an Illinois corporation in the business of supplying airline parts to airline companies.

2. Air One was at all relevant times in the business of providing airline passenger service.

3. Between September 21, 1983, and September 5, 1984, Air One purchased parts from Flight. A history of their business transactions is summarized in the following chart:

| Invoice | Date | Price | Terms | Paid | Date | # of Days Between Shipment & Payment |
|---|---|---|---|---|---|---|
| 1479 | 9/21/83 | 625.50 | Net 30 Days | 629.50 | 1/3/84 | 104 |
| 1577 | 12/19/83 | 3,833.90 | C.O.D. | 3,833.90 | 1/4/84 | 16 |
| 1601 | 1/04/84 | 4,270.00 | Net 30 Days | 4,270.00 | 3/5/84 | 60 |
| 1602 | 1/04/84 | 4,511.50 | Net 30 Days | 4,511.50 | 3/5/84 | 60 |
| 1626 | 1/19/84 | 1,661.15 | Net 30 Days | 1,661.15 | 3/5/84 | 45 . |
| 1815 | 4/27/84 | 16,119.64 | Net 30 Days | 5,000.00 | 8/13/84 | 108 |
| | | | | 5,000.00 | 8/14/84 | 109 |
| | | | | 6,119.64 | 8/27/84 | 122 |
| 2277 | 9/05/84 | 813.50 | Net 30 Days | 0.00 | | |

4. All invoices with the exception of No. 1577 contain the printed words "terms net 30 days". On No. 1577, however, Flight typed out "net 30 days" and substituted in its place the expression "C.O.D." This was in accordance with Flight's practice of not shipping goods on credit until the customer had paid in full any outstanding balance owed more than thirty days. None of Flight's invoices contained terms allowing for partial payments.

5. Air One was insolvent when it made each of its August, 1984 payments to Flight.

6. Air One filed its voluntary Chapter 11 case in this District on October 26, 1984.

7. Air One's August, 1984 payments to Flight enabled Flight to receive more than it would receive if this were a Chapter 7 case, said payments had not been made, and Flight received payment on Air One's debt to the extent provided by Title 11 of the United States Code.

8. Any of the foregoing findings of fact deemed to be conclusions of law are hereby incorporated into the Conclusions of Law.

**CONCLUSIONS OF LAW**

1. This Court has jurisdiction over the parties and subject matter of this proceeding pursuant to 28 U.S.C. §§ 1334, 151, and 157 and Local Rule 29 of the United States District Court for the Eastern District of Missouri. This is a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(B) and (F), which the Court may hear and determine.

2. Air One has sustained its burden of proving the elements of a preferential transfer set out in Title 11, Section 547(b)

with respect to its August, 1984 payments to Flight in the total sum of $16,119.64.

■ 3. Under Title 11, Section 547(c)(2), transfers otherwise avoidable as preferences are not avoidable provided they are "(A) in payment of a debt incurred by the debtor in the ordinary course of business or financial affairs of the debtor and the transferee; (B) made in the ordinary course of business or financial affairs of the debtor and the transferee; and (C) made according to ordinary business terms." Flight asserts that Air One's payments to it are not avoidable because they fall within this exception. The Court agrees with Flight that Air One's payments to it fall within the parameters of subsections (A) and (B) above, but is not convinced, however, that they were "made according to ordinary business terms" within the meaning of subsection (C).

■ 4. The ordinary course of business exception is meant to protect ordinary trade credit transactions.

"These typically involve some extension of credit but are meant to be paid in full within a single billing cycle. *See, e.g., Barash v. Public Finance Corp.,* 658 F.2d 504, 511 (7th Cir.1981) (citing Levin, *An Introduction to the Trustee's Avoiding Powers,* 53 Am.Bankr.L.J. 173 (1979)); *In re Kennesaw Mint, Inc.,* 32 B.R. 799 (Bkrtcy.N.D.Ga.1983); *In re Penninsula Roofing, supra* [9 B.R. 257 (Bkrtcy.N.D.Mich.1981)]. Because the credit extended is meant to be extremely short-term, Congress likened payment of trade credit to payment of current ex-

penses. Recognizing that the latter had traditionally been protected from avoidance in bankruptcy, Congress extended the same protection to trade credit through the ordinary course of business provision. *See Barash, supra* (§ 547(c)(2) codifies the 'current expense rule' employed under the Code; ordinary course of business is a variant of the contemporaneous exchange exception of § 547(c)(1). Since the foundation of this provision is the similarity of trade credit and current expenses, the scope of its protection is necessarily limited to trade credit which is 'kept current' or other transactions which are *paid in full within the initial billing cycle.* Thus, untimely payments are more likely to be considered outside the ordinary course of business and avoidable as preferences." *In re Craig Oil Co.,* 785 F.2d 1563, 1567–68 (11th Cir.1986) (footnotes omitted) (emphasis added).

In the instant case, the relevant transfers in payment of invoice 1815 were beyond the thirty day billing cycle by 78, 79 and 92 days, respectively. Although Flight may have countenanced such late payments by Air One, it is instructive to note that Flight did not extend credit, but demanded cash on delivery in the one circumstance, Invoice 1577, where Air One requested more goods while having an outstanding account balance. Thus, late payment by a customer was not in fact considered ordinary and acceptable by Flight.

5. Moreover, the transfers consisted of three *partial* payments, notwithstanding that the invoice itself contained no provision for partial payments and instead called for payment "net 30 days". Indeed, in the history of Air One's transactions with Flight, the only invoice which Air One paid by partial payments was the one which Flight now claims was paid according to ordinary business terms. The Court must and does conclude that Air One's three August, 1984 payments to Flight were not made according to "ordinary business terms" and that, therefore, Flight has not sustained its burden of proving that the ordinary course of business exception applies to these transfers. *See* Title 11, Sec-

tion 547(g) (creditor has burden of proving nonavoidability of a transfer under subsection (c)).

6. Under Title 11, Section 547(c)(4), Flight gave new value to Air One in the sum of $813.50. Therefore, judgment for Air One on Count I of its Complaint will be in the principal sum of $15,306.14.

7. Air One is not entitled to interest from the date of its August, 1984 payments, but is entitled to interest at the legal rate from the date its Complaint was filed. *Kaufman v. Tredway,* 195 U.S. 271, 25 S.Ct. 33, 49 L.Ed. 190 (1904).

8. There being no authority for the granting of Air One's attorney's fees, the same will be denied.

9. Under Title 11, Section 502(d), Flight's claim of $813.50 cannot be allowed unless and until it satisfies the judgment rendered herein. Air One, therefore, will be granted judgment on Count II of its Complaint.

10. An Order consistent with this Opinion will be entered this date.

11. Any of the foregoing conclusions of law deemed to be findings of fact are hereby incorporated into the Findings of Fact.